**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| SHARNITA SCOTT and A.N., a minor, by | : | 26-cv-444 |
| and through his mother and next friend | : | |
| SHARNITA SCOTT | : | |
| | : | |
| VS. | : | |
| | : | |
| TOWN OF HAMDEN, JOMO | : | |
| CRAWFORD, RICHARD COTTO, and | : | |
| ENRIQUE RIVERA-RODRIGUEZ | : | March 24, 2026 |

<u>**COMPLAINT**</u>

### NATURE OF ACTION

1.      This is a civil rights action under 42 U.S.C. § 1983 arising from warrantless entry into Plaintiffs' home, use of explosive devices, and detention at gunpoint on March 24, 2025. Defendants possessed a search warrant for the first-floor apartment at 29 St. Mary Street, Hamden, Connecticut. Plaintiffs resided in the second-floor apartment. Defendants entered Plaintiffs' apartment using battering rams and flash-bang grenades, held an innocent mother and child at gunpoint, and continued to detain them after learning they were in the wrong apartment. Plaintiffs seek redress for violations of their Fourth and Fourteenth Amendment rights and corresponding state constitutional protections.

### JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3)-(4).

3.      This Court has supplemental jurisdiction over state law claims under 28 U.S.C. § 1367(a).

4.      Venue is proper under 28 U.S.C. § 1391(b) because all Defendants reside in this District and all events occurred in this District.

**PARTIES**

5. Plaintiff SHARNITA SCOTT resides at 29 St. Mary Street, Apartment 2, Hamden, Connecticut 06517.

6. Plaintiff A.N. is sixteen years old and resides with his mother at the same address.

7. Defendant TOWN OF HAMDEN is a Connecticut municipal corporation that operates the Hamden Police Department.

8. Defendant JOMO CRAWFORD was a Lieutenant with the Hamden Police Department (Badge #0194) acting under color of state law.

9. Defendant RICHARD COTTO was a Police Officer with the Hamden Police Department (Badge #0064) acting under color of state law.

10. Defendant ENRIQUE RIVERA-RODRIGUEZ was a Police Officer with the Hamden Police Department (Badge #0067) acting under color of state law.

**FACTS**

*THE BUILDING AND THE WARRANT*

11. The building at 29 St. Mary Street contains three separate apartments on three floors.

12. Each apartment has its own entrance and is accessed by separate staircases.

13. On March 24, 2025, Hamden Police assisted Middletown Police in executing a search warrant.

14. The warrant authorized search of "29 Saint Mary St., First Flr, Hamden, CT."

2

15. The warrant did not authorize entry into any other apartment in the building.

*THE ENTRY*

16. At 5:48 a.m. on March 24, 2025, Hamden Police Emergency Services Unit officers arrived at 29 St. Mary Street.

17. Officers breached the building's exterior doors using battering rams.

18. According to Officer Cotto's report: "Inside the hallway, the primary SWAT element encountered two staircases: one to the left, leading downward and believed to lead to the basement apartment, and one to the right, believed to lead upward to the main floor."

19. Officers went up the stairs to the right.

20. At 5:50 a.m., officers reached a door at the top of the stairs.

21. Without verifying the apartment number, officers used battering rams to breach the door.

22. The battering ram destroyed the lock mechanism, damaged the doorframe, and left dents in the door.

23. Officers deployed flash-bang devices inside the apartment.

24. The devices burned the carpet near the door.

*THE SEIZURE*

25. Officers entered the apartment with weapons drawn.

26. Ms. Scott and her son were asleep in their bedroom.

27. According to Officer Cotto's Use of Force Report, he "held Scott at gun point while verbal commands were issued."

3

28. According to Officer Rivera-Rodriguez's report, he carried an "ESU-assigned rifle in the high ready position" with a mounted flashlight that "illuminated the area where [A.N.] was crouching in the center of the room."

29. Officers ordered both Plaintiffs to show their hands.

30. Officers moved Plaintiffs from the bedroom to the kitchen at gunpoint.

*RECOGNITION OF ERROR*

31. After searching the apartment, Officer Cotto asked Ms. Scott for her apartment number.

32. Ms. Scott told him they were in Apartment 2.

33. According to Officer Cotto's report: "At this point, it was determined that the SWAT team had entered the wrong apartment."

34. Officers continued to detain Plaintiffs in the kitchen under guard.

35. According to Officer Cotto's report, Plaintiffs were "instructed to remain with one member of the SWAT team" while other officers left to find the correct apartment.

*SUPERVISORY RESPONSE*

36. Lieutenant Crawford was notified and came to the apartment.

37. Crawford's report states: "ESU members inadvertently made entry into the second-floor apartment."

38. Crawford documented that Scott "appeared to be upset" and "was asleep when she heard loud noises before police forced entry."

39. Crawford attempted to repair the door with Scott's tools.

40. The damage required Public Works employees to secure the door.

41.     The door and carpet required professional repair or replacement.

*DOCUMENTATION*

42.     Multiple officers wore body cameras during the incident.

43.     Officer Cotto completed a Use of Force form.

44.     Officer Rivera-Rodriguez completed a Use of Force form.

*DAMAGES*

45.     Plaintiffs suffered property damage to their door, locks, doorframe, and carpet.

46.     Plaintiffs suffered emotional distress from being held at gunpoint in their home.

47.     Plaintiffs continue to experience anxiety and fear in their home.

48.     The minor Plaintiff suffered particular harm from having weapons pointed at him.

**LEGAL CLAIMS**

**COUNT I: FOURTH AMENDMENT - UNLAWFUL ENTRY**

**(42 U.S.C. § 1983) (Both Plaintiffs v. Individual Defendants)**

49. Plaintiffs incorporate paragraphs 1-48.

50. The Fourth Amendment prohibits warrantless entry into homes absent exigent circumstances or consent.

51. Defendants had no warrant for Plaintiffs' apartment.

52. No exigent circumstances existed.

53. Plaintiffs gave no consent.

54. The warrant specified a different apartment.

5

55. The building had separate staircases leading to different apartments.

56. Defendants failed to verify they were at the correct apartment before forcing entry.

57. This violated clearly established law.

### COUNT II: FOURTH AMENDMENT - EXCESSIVE FORCE

**(42 U.S.C. § 1983) (Both Plaintiffs v. Individual Defendants)**

58. Plaintiffs incorporate paragraphs 1-57.

59. The Fourth Amendment prohibits excessive force.

60. Courts consider: (1) severity of the crime; (2) immediate threat to officers; (3) active resistance or attempt to evade.

61. Plaintiffs committed no crime.

62. Plaintiffs posed no threat.

63. Plaintiffs did not resist or attempt to evade.

64. Defendants deployed explosive devices in a residential apartment.

65. Defendants pointed firearms at unarmed individuals.

66. Defendants aimed weapons at a sixteen-year-old.

67. Defendants maintained deadly force after learning they were in the wrong apartment.

68. This force was objectively unreasonable and violated clearly established law.

### COUNT III: FOURTH AMENDMENT - UNLAWFUL SEIZURE

**(42 U.S.C. § 1983) (Both Plaintiffs v. Individual Defendants)**

69. Plaintiffs incorporate paragraphs 1-68.

70. The Fourth Amendment prohibits seizures without probable cause.

71. A seizure occurs when officers restrain liberty through physical force or show of authority.

72. Defendants seized Plaintiffs by pointing weapons at them and ordering them to move.

73. No warrant authorized Plaintiffs' seizure.

74. No probable cause existed.

75. The seizure continued after Defendants learned of their error.

76. This violated clearly established law.

### COUNT IV: FOURTEENTH AMENDMENT - DUE PROCESS

**(42 U.S.C. § 1983) (Both Plaintiffs v. Individual Defendants)**

77. Plaintiffs incorporate paragraphs 1-76.

78. The Due Process Clause prohibits conduct that "shocks the conscience."

79. Defendants forced entry into the wrong apartment.

80. Defendants used explosive devices in a family home.

81. Defendants pointed assault weapons at a mother and child.

82. Defendants continued these actions after discovering their mistake.

83. This conduct shocks the conscience and violates clearly established law.

### COUNT V: CONSPIRACY

**(42 U.S.C. §§ 1983 & 1985) (Both Defendants v. Individual Defendants)**

84. Plaintiffs incorporate paragraphs 1-83.

85. Multiple Defendants agreed to enter Plaintiffs' apartment.

86. Multiple Defendants participated in the use of force.

87. Multiple Defendants maintained the detention after learning of the error.

88. Each Defendant is liable for acts in furtherance of the agreement.

## COUNT VI: MUNICIPAL LIABILITY - FAILURE TO TRAIN

**(42 U.S.C. § 1983) (Both Plaintiffs v. Town of Hamden)**

89. Plaintiffs incorporate paragraphs 1-88.

90.    Municipalities face liability for inadequate training that shows deliberate indifference to constitutional rights.

91. Multiple officers entered the wrong apartment.

92. No officer verified the apartment number before entry.

93. Officers used military tactics without justification.

94. A supervisor ratified the conduct.

95. The need for training on warrant execution and apartment verification is obvious.

96. The failure to train caused the violations.

## COUNT VII: MUNICIPAL LIABILITY - CUSTOM

**(42 U.S.C. § 1983) (Both Plaintiffs v. Town of Hamden)**

97. Plaintiffs incorporate paragraphs 1-96.

98. Municipalities face liability for customs that violate constitutional rights.

99.    The participation of multiple officers demonstrates a practice of: failing to verify locations before forced entry; using explosive devices in residential settings; employing SWAT tactics as a first resort.

100.    This custom caused Plaintiffs' injuries.

## COUNT VIII: STATE CONSTITUTIONAL VIOLATIONS

**(Conn. Gen. Stat. § 52-571k) (Both Plaintiffs v. Individual Defendants)**

101.    Plaintiffs incorporate paragraphs 1-100.

8

102.    Article First, Sections 7 and 8 of the Connecticut Constitution prohibit unreasonable searches and seizures and guarantee due process.

103.    Defendants violated these provisions through the conduct described above.

104.    Defendants acted without an objectively good faith belief in the lawfulness of their conduct, as shown by their recognition that they entered the wrong apartment.

Respectfully submitted,

**SHARNITA SCOTT**
/s/Alexander T. Taubes
ALEXANDER T. TAUBES
470 James Street
Suite 007
New Haven, CT 06513
(203) 909-0048
alextt@gmail.com